UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

    Plaintiff,

                               Case No: 18-20648

v.

                               Hon. Victoria A. Roberts

Adam Wright,

    Defendant.

_____/

## GOVERNMENT'S SENTENCING MEMORANDUM

Adam Wright is a career-offender bank robber that appears to be fueled by a serious addiction to controlled substances. He committed three bank robberies while on federal supervised release for bank robbery. He has not been deterred by past terms of custody or court supervision. He does not care to comply with the terms of court supervision. For those reasons, and the reasons stated below, the government recommends a sentence of 151 months imprisonment, the bottom of the sentencing guideline range.

I.    **Facts and procedural history**

After serving less than 60 days of his three-year term of federal

supervised release for bank robbery, Adam Wright robbed three banks. Two of the banks were in Michigan and one in Illinois. At the Cornerstone Community Financial Credit Union in Auburn Hills, Wright approached a bank teller, told the employee it was a robbery, and demanded all the money in the drawer with no dye packs. Wright also implied that he was armed by motioning to his waistband and stating "give me all your money or I will shoot you in the face." Undoubtedly, the employee was terrified and complied. The teller gave Wright over $10,000.

After the robbery, law enforcement disclosed a photograph of Wright to the public and law enforcement community. Since Wright was on federal supervised release in the Eastern District of Michigan, his probation officer recognized him and contacted the police. Wright was arrested without incident and he admitted to two other robberies that occurred last July, one in Michigan and one in Illinois. To date, Wright has been charged of, and convicted or admitted to relevant conduct of at least 10 bank robberies.

## II. Sentencing Guideline calculations and relevant 3553(a) factors

18 U.S.C. § 3553(a) provides the relevant objectives and factors to

be considered by sentencing courts when determining a "sentence sufficient, but not greater than necessary." Those objectives are: (1) the nature and circumstances of the offense, and the history and characteristics of the defendant; (2) the need for a sentence to reflect the basic aims of sentencing (including retribution, deterrence, incapacitation and rehabilitation); (3) the kinds of sentences legally available; (4) the Sentencing Guidelines; (5) Sentencing Commission policy statements; (6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need for restitution. The government will address some of the sentencing objectives below.

### A. The Sentencing Guidelines range

Although advisory, the Sentencing Guidelines remain an important factor under Section 3553(a) in fashioning an appropriate sentence. As noted in *United States v. Rita*, 551 U.S. 338, 345 (2007), "it is fair to assume that the Guidelines, insofar as practicable, reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." Here, the parties and probation department agree that defendant is a career offender and has a guideline range of 151-188

months. (PSR ¶108).

### B. Nature and circumstances of the offense and history and characteristics of the offender, 18 U.S.C. § 3553(a)(1)

Bank robbery is a serious offense that involves threatening innocent victim tellers, other bank employees or customers and taking the money of a financial institution. The victim tellers who endure bank robberies are never quite the same after surviving the robberies. Many times, victims describe the mental and emotional effects of the robbery as debilitating. Undoubtedly, such a tragic and startling event is life-altering. The victim teller's lifestyles change. They don't feel safe. Their sense of security is robbed from them in an instant. Many tellers quit their jobs, or have to be transitioned to a different area of work within the bank. All of these negative effects happen to innocent victims, simply trying to do their jobs. Individuals like Wright have no regard for how their selfish actions have a lifetime effect on someone else.

Wright also did not just victimize one bank—he victimized three banks. Three banks with three separate loss amounts and three separate sets of employees who have to suffer, and now endure the lifelong emotional and mental effects of Wright's decisions. Thankfully

4

for Wright, he didn't actually have a gun, and no one was physically hurt during his bank robbing spree. But Wright clearly has not been deterred by past prison sentences and terms of supervision. To be sure, this is Wright's third federal conviction for bank robbery. He's a career offender and has made a habit of continuing to rob banks while on federal supervised release.

Apart from being a career bank robber, Wright has a substantial criminal history for other crimes including, battery, trespass, resisting and obstructing, theft, and more minor controlled substance offenses. His first contact with the criminal justice system occurred at age 13 and basically continued consistently until age 39. Of course, some of Wright's past criminal activities are more serious than others, however, the only time Wright stopped committing crimes was during periods of incarceration.

Perhaps Wright's criminal problems stem from an unfortunately unstable childhood, which no child should have to endure. Or his problems may be the result of lack of parental guidance and supervision (apart from his grandmother) or his troubles with abusing controlled substances. Wright admits in the PSR that his drug use has destroyed

5

his relationships with significant others, and he has taken steps to complete non-residential drug treatment in custody. And Wright admitted to robbing the banks at issue here to buy more cocaine to feed his addiction. Addiction is obviously a serious disease, that may lead an already vulnerable person like Wright to make poor decisions, but at some point, Wright needs to take responsibility for his actions, get the help he needs, and avoid using drugs and engaging in continued criminal activity. A substantial custodial sentence will hopefully give Wright the time he needs to avoid the use of drugs. A custodial sentence may also provide him with an opportunity for further drug treatment within the BOP.

    **C.    Seriousness of the offense, promoting respect for the law, and providing just punishment, 18 U.S.C. § 3553(a)(2)(A)**

Bank robbery is a serious offense that cannot be taken lightly. Any time another individual is threatened, a sentence should be fashioned to consider defendant's role in the harm. A sentence of 151 months imprisonment reflects the seriousness of the offense to the bank, the victims, and to society. A sentence of 151 months imprisonment also promotes respect for the law and will provide just

6

punishment for Wright. He appears to lack respect for the law, which is evident given the fact that Wright has robbed around 10 banks, and committed three robberies less than 60 days after starting his federal supervised release.

> **D. Providing the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner and kinds of sentences available, 18 U.S.C. § 3553(a)(2)(D) and (3)**

The Bureau of Prisons has the expertise to classify and assign Wright to the appropriate facility, but he appears to be a good candidate for another drug treatment program within the BOP. He also may benefit from mental/emotional health treatment to address his continued desire to engage in criminal activity and to deal with his troubled childhood.

To his credit, Wright has a history of working well in the food services area of the BOP, so he may wish to secure another similar job while he is in custody in the BOP. Learning job related skills and mental and emotional therapy may help Wright cope with transitioning back to society after his release from custody.

### E. Restitution and Crime Victims' Rights Act

Wright should be ordered to pay restitution to the following financial institutions**:**

- Cornerstone Community Financial Credit Union- $10,400.00
- Chase Bank- $8,980.00
- New Century Federal Credit Union- $7,701.18

### III.   Conclusion

For the reasons stated above, the government requests a sentence of 151 months.

Respectfully Submitted,

Matthew Schneider
United States Attorney

/s Jihan M. Williams
JIHAN WILLIAMS
Assistant United States Attorney
211 West Fort Street, Suite 2001
Detroit, Michigan  48226-3211
(313) 226-9520
Jihan.williams@usdoj.gov

March 12, 2019

8

## Certificate of Service

I certify that on March 12, 2019 I electronically filed the foregoing motion with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

-----------
James Thomas
Probation Officer, Lee Sharp
-----------------

s/*Jihan M. Williams*
Jihan Williams
Assistant U.S. Attorney
United States Attorney's Office