UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

     Plaintiff,

                                       Case No. 18-cv-20648
v.                                  Hon. Matthew F. Leitman

ADAM TAYLOR WRIGHT,

     Defendant.

_____/

### ORDER DENYING DEFENDANT'S
### MOTION FOR COMPASSIONATE RELEASE (ECF No. 30)

In 2019, Defendant Adam Taylor Wright pleaded guilty to one count of bank robbery in violation of 18 U.S.C. § 2113(a). (*See* Rule 11 Plea Agreement, ECF No. 20, PageID.38.)  The Court sentenced Wright to a term of 151 months in custody, to be served consecutively to sentences imposed in two Central District of Illinois cases. (*See* Judgment, ECF No. 25, PageID.79.)  In a second case in this District in 2022, Wright pleaded guilty to aiding and abetting second degree murder in connection with the murder of another prisoner at FCI-Milan. (*See* Judgment, Case No. 19-20498, ECF No. 294.)  He was sentenced to a term of 292 months in custody, 64 months of which are to be served concurrently with his other sentences, and the remainder of which are to be served consecutively. (*See id.*)

1

Now before the Court is Wright's Motion for Sentence Reduction (Compassionate Release) under the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A). (*See* Mot., ECF No. 30.)  In his Motion, Wright requests a reduction in the sentence imposed by this Court to time served, so that he may begin serving his consecutive sentence. (*See id.*, PageID.128.)  For the reasons explained below, the motion is **DENIED**.

## I

As a general rule, "a federal court 'may not modify a term of imprisonment once it has been imposed.'" *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)).  "But that rule comes with a few exceptions, one of which permits compassionate release." *Id.* Section 3582(c)(1)(A) describes when a court may grant a reduction in sentence:

> [T]he court ... may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).  As the United States Court of Appeals for the Sixth Circuit has explained, the compassionate release statute authorizes a district court to reduce a defendant's sentence if the court finds that (1) "extraordinary and

compelling reasons warrant a reduction," (2) a reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the factors set forth in 18 U.S.C. § 3553(a), "to the extent applicable," support a reduction. *United States v. Ruffin*, 978 F.3d 1000, 1003 (6th Cir. 2020) (quoting 18 U.S.C. § 3582(c)(1)(A)).  The Sixth Circuit has added that a district court "must deny a defendant's motion [for compassionate release] if the defendant fails to show either that extraordinary and compelling reasons warrant a sentence reduction or that the § 3553(a) factors support a reduction." *United States v. McKinnie*, 24 F.4th 583, 586 (6th Cir. 2022) (citing *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021)). *See also United States v. Hampton*, 985 F.3d 530, 531 (6th Cir. 2021).

## II

Wright's primary argument in his motion for compassionate release is that his ongoing medical conditions – lupus, cervicalgia, and degenerative disc disease – "will only worsen with time" and a reduction in his total term of incarceration will facilitate his release while he is still able to work and care for himself. (Mot., ECF No. 30, PageID.128.)  Even if the Court were to find that Wright's medical conditions constituted extraordinary and compelling reasons warranting a reduction in his sentence (and it declines to make that finding on the present motion before it), Wright has not expressly analyzed or applied any of the Section 3553(a) factors that

might support a reduction in his sentence.  The only facts Wright mentions that could potentially be relevant under Section 3553(a) are the facts that he has "recently finished debriefing with the National Gang Unit (N.G.U.) and ha[s] successfully completed the gang drop-out process, as well as dozens of other educational and psychology programs." (*Id.*)   But his participation in some rehabilitative programming, most of which he does not name or describe, does not persuade the Court that the extent of his rehabilitation is so substantial as to meaningfully alter the Court's initial Section 3553(a) balancing, which is presumed to "remain[] an accurate assessment" absent a "compelling case" otherwise. *United States v. Sherwood*, 986 F.3d 951, 954 (6th Cir. 2021.)   The Court therefore **DENIES** Wright's motion for compassionate release.

The Court also pauses to note that Wright's motion for compassionate release seems premature where the remedy Wright seeks is a reduction in his current sentence so that he may begin serving his consecutive sentence.  It may be more appropriate for Wright to complete his current term of incarceration and then seek compassionate release during his consecutive term of incarceration.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 25, 2026

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 25, 2026, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126